UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE MARIA ARROYO MORRIS,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 12-1381 JC<br><br>MEMORANDUM OPINION |

**I. SUMMARY**

On August 24, 2012, plaintiff Joanne Maria Arroyo Morris ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; August 28, 2012 Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On September 9, 2009, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ("AR") 123). Plaintiff asserted that she became disabled on December 1, 2008, due to a tumor on her left pinky finger, morbid obesity, and diabetes. (AR 132). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on October 27, 2011. (AR 19-63).

On January 13, 2012, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 9-15). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: morbid obesity with treated chronic obstructive sleep apnea and degenerative joint disease of the distal interphalangeal joints of the left hand (AR 11); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 12); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 416.967(b)) with additional limitations[2] (AR 12);

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of application of harmless error standard in social security cases) (citing, *inter alia*, Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).

[2] The ALJ determined that plaintiff: (i) could lift up to twenty pounds occasionally, and lift or carry up to ten pounds frequently; (ii) could stand or walk for approximately six hours per eight-hour work day with normal breaks; (iii) could sit for approximately six hours per eight-hour work day with normal breaks; (iv) could push and/or pull (including operation of hand/foot controls) without limitation other than the lift/carry limits noted above; (v) could occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; (vi) could not climb ladders, ropes or scaffolds; (vii) had no limitations on handling and fingering with the right hand, but could only occasionally perform handling and fingering with the left hand; (viii) needed to avoid

(continued...)

(4) plaintiff could perform her past relevant work as a cashier (AR 14); (5) alternatively, there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically cleaner (housekeeping), hand packager-inspector, and office helper (AR 14-15); and (6) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 13).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

    (1)    Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

///

---

[2](...continued)
concentrated exposure to extreme heat, humidity, and workplace hazards such as unprotected machinery and unprotected heights; and (ix) had no other manipulative, visual or communicative limitations. (AR 12).

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

(9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  <u>Robbins</u>, 466 F.3d at 882 (citing <u>Young v. Sullivan</u>, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting <u>Penny v. Sullivan</u>, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  <u>Robbins</u>, 466 F.3d at 882 (citing <u>Flaten</u>, 44 F.3d at 1457).

**IV.  DISCUSSION**

Plaintiff contends that the ALJ's finding that plaintiff could perform her past relevant work as a cashier, or alternatively, that plaintiff could perform the representative jobs of "cleaner (housekeeping)," "hand packager-inspector," and "office helper" are erroneous because the requirements of each such job exceed plaintiff's abilities.  (Plaintiff's Motion at 2-6).  Plaintiff is not entitled to a reversal or remand on this basis.

**A.  Pertinent Law**

At step four of the sequential evaluation process, the Commissioner may deny benefits when the claimant can perform the claimant's past relevant work as "actually performed," or as "generally" performed.  <u>Pinto v. Massanari</u>, 249 F.3d 840, 845 (2001).

If, at step four, the claimant meets her burden of establishing an inability to perform past work, the Commissioner must show, at step five, that the claimant can perform some other work that exists in "significant numbers" in the national economy (whether in the region where such individual lives or in several regions

of the country), taking into account the claimant's residual functional capacity, age, education, and work experience. Tackett, 180 F.3d at 1100 (citing 20 C.F.R. § 404.1560(b)(3)); 42 U.S.C. § 423(d)(2)(A).

ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); see also 20 C.F.R. § 416.966(d)(1) (DOT is source of reliable job information); Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) (DOT presumptive authority on job classifications). An ALJ may also rely on testimony from a vocational expert to assist in determining whether a claimant's residual functional capacity would permit a return to the claimant's past type of work, Pinto, 249 F.3d at 845-46, and depending upon the circumstances, to satisfy the Commissioner's burden at step five, Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1100-1101).

An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job, however, without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefor. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social Security Ruling 00-4p). In order for an ALJ to accept vocational expert testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation." Pinto, 249 F.3d at 846 (quoting Johnson, 60 F.3d at 1435). Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony. Light v. Social Security Administration, 119 F.3d 789, 793 (9th Cir.), as amended (1997) (citations omitted).

///
///

**B.     Analysis**

As plaintiff correctly notes, the DOT states that the positions of cashier, hand packager-inspector, and office helper require frequent handling and fingering, and the position of cleaner (housekeeping) requires frequent handling. See §§ 211.462-010 [Cashier II], 239.567-010 [Office Helper], 323.687-014 [Cleaner, Housekeeping], 559.687-074 [Inspector and Hand Packager]. Plaintiff argues that such requirements exceed her abilities because, as the ALJ noted in determining residual functional capacity, plaintiff is limited to "occasional handling and fingering with the left hand." (Plaintiff's Motion at 3-4) (citing AR 12).

A reversal or remand is not required on this basis, however, because the Court finds no actual conflict between plaintiff's abilities and the DOT requirements identified for the challenged positions. While such jobs do require, *inter alia*, frequent handling and/or fingering, plaintiff has no limitations in handling or fingering in her right (dominant) hand, and thus would be capable of performing such requirements. The vocational expert confirmed as much when she testified that such jobs could be performed consistent with DOT requirements despite plaintiff's left hand limitations. (AR 56-59).

Plaintiff's conclusion that the challenged jobs exceed her abilities is erroneously premised on the unsupported assumption that the handling and/or fingering required by such jobs necessarily involves the use of both hands. However, the DOT does not expressly contain such a requirement. See, e.g., Carey v. Apfel, 230 F.3d 131, 146 (5th Cir. 2000) (person with use of one arm could perform the jobs of cashier and ticket taker, even though jobs required fingering and handling abilities; "The DOT does not contain any requirement of bilateral fingering ability or dexterity. . . ."); Feibusch v. Astrue, 2008 WL 583554, *5 (D. Haw. Mar. 4, 2008) (citations omitted) ("[T]he use of two arms is not necessarily required for jobs that require reaching and handling."); Diehl v.

Barnhart, 357 F. Supp. 2d 804, 822 (E.D. Pa. 2005) (person with limited use of one arm could perform jobs requiring frequent reaching, handling, and fingering, and therefore there was no conflict between DOT and vocational expert's testimony to that effect).

Moreover, since the DOT does not expressly state that the challenged jobs can be performed by a claimant who lacks the use of one arm, the ALJ appropriately obtained the testimony of a vocational expert to assist in the step four and five determinations. See Carey, 230 F.3d at 146 (Resolution of "factual disagreement about whether a person with one arm can perform a job requiring some degree of manual dexterity and fingering . . requires expert testimony" from a vocational expert); Fuller v. Astrue, 2009 WL 4980273, *3 (C.D. Cal. Dec. 15, 2009) (Where nature of particular action required in performance of job not specified in DOT, ALJ may properly rely on testimony from vocational expert to determine whether claimant can perform job in question despite claimant's limitations).  The ALJ posed a hypothetical question to the vocational expert which included all of the limitations on plaintiff's left hand noted in the ALJ's residual functional capacity assessment.  (AR 12, 56-59).  In response, the vocational expert testified that a claimant with the stated limitations could still perform the jobs of cashier II, cleaner (housekeeping), inspector and hand packager, and office helper.  (AR 56-59).  The vocational expert's testimony constitutes substantial evidence supporting the ALJ's determination that plaintiff could perform such jobs.  Tackett, 180 F.3d at 1101.  The Court will not second-guess the ALJ's reasonable interpretation of such evidence, even if such evidence could give rise to contrary inferences.

Accordingly, a reversal or remand on this basis is not warranted.

///

///

///

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 17, 2013

                                            /s/
                             Honorable Jacqueline Chooljian
                             UNITED STATES MAGISTRATE JUDGE